IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLUSOLA SHODIYA, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : No. 09-cv-2698 |
| | : |
| LIEUTENANT LACK, Individually and as Officer at Curran-Fromhold Correctional Facility, WARDEN CLYDE GAINEY, C.F.C.F. PRISON, and PRISON HEALTH SERVICES, | : |
| | : |
| Defendants. | : |



## MEMORANDUM AND ORDER

Joyner, J.                                    September  /  , 2009

This case is now before the Court for resolution of Defendant Prison Health Services' Motion to Dismiss Plaintiff's claim against it. For the reasons that follow, the motion is GRANTED.

### Factual Background[1]

Plaintiff was transferred from federal prison to the Curran-Fromhold Correctional Facility ("CFCF"), part of the Philadelphia Prison System, on July 13, 2008, in order to attend a hearing in state court. While in CFCF, Plaintiff was attacked

---

[1] Plaintiff's Complaint contains allegations against multiple defendants, but as this Motion to Dismiss is filed solely by Prison Health Services, only the facts relating to the claim against it are presented here. In line with a Fed. R. Civ. P 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

1

by other inmates and severely injured. Plaintiff was immediately taken to the prison's medical ward, which is operated by Defendant Prison Health Services ("PHS"). PHS is a private corporation that is hired by the Philadelphia Prison System to provide services to the inmates in CFCF. Upon his admission to the medical ward, Plaintiff was promptly transferred to Frankford Hospital for treatment. Once at Frankford Hospital, an x-ray was taken, but no treatment was provided because CFCF had not prepared the proper paperwork. Plaintiff received no further treatment when he returned to PHS's care at CFCF. Upon being transferred back to the federal prison, Plaintiff was diagnosed with a broken jaw. Because of the delay in treatment, the jaw and surrounding area had become infected, and there was a possibility that Plaintiff would suffer a permanent facial deformity and decreased functioning of his jaw. In regards to the allegations against PHS, Plaintiff requests $500,000 in damages due to Defendant's medical negligence and reckless disregard for Plaintiff's health.

In its Motion to Dismiss, PHS asserts that it has not violated Plaintiff's constitutional rights. PHS argues that under 42 U.S.C. § 1983 it cannot be held liable solely on the basis of <u>respondeat superior</u>, and that Plaintiff has not alleged any policy or custom that violates his constitutional rights. PHS, therefore, has made a motion to dismiss for failure to state

2

by other inmates and severely injured. Plaintiff was immediately taken to the prison's medical ward, which is operated by Defendant Prison Health Services ("PHS"). PHS is a private corporation that is hired by the Philadelphia Prison System to provide services to the inmates in CFCF. Upon his admission to the medical ward, Plaintiff was promptly transferred to Frankford Hospital for treatment. Once at Frankford Hospital, an x-ray was taken, but no treatment was provided because CFCF had not prepared the proper paperwork. Plaintiff received no further treatment when he returned to PHS's care at CFCF. Upon being transferred back to the federal prison, Plaintiff was diagnosed with a broken jaw. Because of the delay in treatment, the jaw and surrounding area had become infected, and there was a possibility that Plaintiff would suffer a permanent facial deformity and decreased functioning of his jaw. In regards to the allegations against PHS, Plaintiff requests $500,000 in damages due to Defendant's medical negligence and reckless disregard for Plaintiff's health.

In its Motion to Dismiss, PHS asserts that it has not violated Plaintiff's constitutional rights. PHS argues that under 42 U.S.C. § 1983 it cannot be held liable solely on the basis of <u>respondeat superior</u>, and that Plaintiff has not alleged any policy or custom that violates his constitutional rights. PHS, therefore, has made a motion to dismiss for failure to state

2

a claim on which relief can be granted.

## Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if the plaintiff has failed to "state a claim on which relief can be granted." In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 283, 286 (1986). Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Importantly, however, pro se plaintiffs are held to less stringent standards than those represented by counsel when it comes to examining the sufficiency of the pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

42 U.S.C. § 1983 provides a federal cause of action for plaintiffs whose constitutional rights have been violated by a person acting under color of state law. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). A private corporation acting under color of state law can properly be sued under § 1983. Johnson v. Stempler, 2007 U.S. Dist. LEXIS 21726, at *10-11 (E.D. Pa. March 27, 2007) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). This liability, however,

cannot rest solely on the basis of <u>respondeat superior</u>.[2] Instead, if the plaintiff chooses to sue the overarching entity rather than the individuals directly responsible for his harm, he must show that the defendant had a policy or custom that caused the constitutional violation. <u>Natale</u>, 318 F.3d at 583-84. For purposes of § 1983, a policy requires a formal proclamation from a person with final authority on the matter. <u>Id.</u> at 584. A custom, on the other hand, does not require formality, but must be "so widespread as to have the force of law." <u>Bd. of the County Comm'rs v. Brown</u>, 520 U.S. 397, 404 (1997).

Failure to provide a prisoner with adequate medical treatment can become a constitutional violation if it is severe enough to implicate the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). In order for the medical treatment to give rise to an Eighth Amendment violation, a Plaintiff must show that he had a serious medical need and that the defendant acted with "deliberate indifference" to his health or safety. <u>Id.</u> at 106. Deliberate indifference will be found if an official has "objective evidence" that the plaintiff needs medical care, yet ignores this evidence and does nothing. <u>Natale</u>, 318 F.3d at 582.

---

[2] <u>Respondeat superior</u> is "the doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Black's Law Dictionary (8th ed. 2004).

4

## Discussion

Plaintiff has not made any allegations regarding a policy or custom that led to his alleged Eighth Amendment violation, and, therefore, his claim against Defendant PHS must be dismissed. Construed liberally, Plaintiff appears to bring his suit under 42 U.S.C. § 1983, and alleges a violation of his Eighth Amendment rights. All of Plaintiff's allegations in regard to his claim against PHS involve an isolated incident. He has not claimed that any final decisionmaker at PHS issued an order that influenced his treatment in any way, or that PHS's failure to treat his injury was the result of some systemic custom. What Plaintiff has alleged is that he received negligent medical treatment while imprisoned, and that this negligence was the fault of individuals working for PHS in CFCF. Plaintiff seems to request that this Court hold PHS liable solely for the conduct of its employees, or, in other words, base PHS's liability on the grounds of respondeat superior. As stated above, this cannot be done. Although the claims against the individual employees may have merit, PHS cannot be exposed to liability under § 1983 solely because of its employees' independent actions. In the present case, it appears that the proper defendants would be the individuals who provided the negligent treatment to Plaintiff, and not their employer. Because Plaintiff has named PHS and not the individual practitioners as the Defendant in this case, his

5

Complaint fails to state a claim on which relief can be granted.

Plaintiff's Complaint does not contain any allegations of a policy or custom on the part of PHS that led to the violation of his constitutional rights. In the instant case, this prevents him from stating a claim upon which relief can be granted under 42 U.S.C. § 1983, and requires that his claim against Defendant PHS be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff has not met the requirements for bringing suit under § 1983, the merits of his Eighth Amendment claim need not be addressed.

## Conclusion

For the reasons set forth above, Defendant Prison Health Services' Motion to Dismiss the Plaintiff's claim is GRANTED. An appropriate order follows.